UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PAUL FANLO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv1617-LAB (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br><br>**[ECF No. 2]** |

　　　　On August 10, 2017, Plaintiff filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying his application for disability benefits. ECF No. 1. Before this Court is a Motion to Proceed *In Forma Pauperis* ("IFP"), filed by Plaintiff Jon Paul Fanlo. ECF No. 2.

　　　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement

1

of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v. Hennessey, 841 F. Supp. 316 (N.D. Cal. 1994), *vacated in part on other grounds by* Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse its discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff's total monthly income is $0 and his spouse's monthly income is $1,400. ECF No. 2 at 1-2. Plaintiff was receiving $3,408 per month from VA benefits, but it appears that Plaintiff will no longer be receiving any benefits from the VA. Id. at 2. This yields a total of

$1,400 per month. Id. Plaintiff and his spouse own a home valued at $455,000 and a savings account with $1,000 in it. Id. at 2-3. Plaintiff and his spouse have two dependent children, ages six and one, under their care and monthly expenses of $5,660. See id. at 3-5. Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

In light of the Court's ruling on the IFP motion, **IT IS FURTHER ORDERED**:

1. The United States Marshal shall serve a copy of the Complaint filed on August 10, 2017 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: 8/11/2017

Hon. Barbara L. Major
United States Magistrate Judge